# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| DONNA M. GRITTERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 1:14-cv-916 |
| | ) | |
| v. | ) | Judge: Edmond E. Chang |
| | ) | |
| OCWEN LOAN SERVICING, LLC; | ) | Magistrate Judge: Jeffrey T. Gilbert |
| NATIONSTAR MORTGAGE, LLC; | ) | |
| FEDERAL HOME LOAN MORTGAGE | ) | |
| CORPORATION; and PIERCE & | ) | |
| ASSOCIATES, P.C., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S REQUEST TO PRODUCE

Defendant, Pierce & Associates, P.C. ("Pierce"), by and through its attorneys, David M.

Schultz and Justin M. Penn, and for its Response to Plaintiff's Request to Produce, states as follows:

### GENERAL OBJECTIONS

a.      Defendant objects to the discovery requests to the extent that they seek information which is protected by the attorney-client privilege and the work product doctrine.

b.      Defendant objects to the discovery requests to the extent that they seek information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

c.      Defendant objects to the discovery requests to the extent that they attempt to impose obligations upon it which are greater than those imposed by the Federal Rules of Civil Procedure and Local Rules for the United States District Court for the Northern District of Illinois.

d.      Defendant objects to the discovery requests to the extent that they are duplicative or seek information which is already in the possession of Plaintiff, his attorneys or agents.

e.      Defendant objects to the discovery requests to the extent that they seek information that is more readily available to Plaintiff, his attorneys or agents or from public sources.

f.      Defendant objects to the discovery requests as improper, overbroad and unduly burdensome because by requesting production or review of all electronically stored information, to the extent plaintiff seeks production of "metadata." Defendant objects to the production of any metadata because it would materially increase the cost of production further making plaintiff's discovery requests overbroad, oppressive and unduly burdensome. Plaintiffs have not demonstrated any particularized need for the metadata or why it is necessary and/or relevant. "Emerging

130891431v1                                                                  0956569

standards of electronic discovery appear to articulate a general presumption against the production of metadata." *Wyeth v. Impex Laboratories, Inc.*, No. 06-222, 2006 WL 3091331 at *2 (D.Del 2006); *Kentucky Speedway, LLC v. NASCAR*, No. 05-138, 2006 U.S. Dist LEXIS 92028, at *24 (E.D. Ky. 2006) ("In most cases and for most documents, metadata does not provide relevant information").

      g.      Defendant objects to the discovery requests as vague to the extent that the instructions and definitions are vague and confusing. Accordingly, defendant is responding to the requests based upon its own understanding of the terms used, and reserves the right to clarify and supplement as necessary.

## REQUEST TO PRODUCE

1.      All communications, including but not limited to, emails, voicemails, collection records, data records, statements, telephone recordings, or any other form of data related to any allegations of the complaint, answers to the complaint, and any affirmative defenses raised by Pierce in response to the complaint.

**RESPONSE: In addition to its General Objections, defendant specifically objects to the extent this Request calls for the production of correspondence protected by the attorney-client privilege. In addition, defendant objects to the extent this calls for the production of documents in the possession of the plaintiff. Subject to said objections, defendant will produce the documents in its possession not protected by the attorney client privilege.**

2.      All documents, manuals, protocols, procedures and training materials that would support any of Pierce's affirmative defenses raised to the complaint.

**RESPONSE: In addition to its General Objections, defendant specifically objects to this Request as overly broad and unduly burdensome in that it is not limited in time and not reasonably limited in scope. In addition, defendant objects to the extent this Request calls for the production of proprietary or confidential information without a mutually agreeable protective order or confidentiality agreement.**

3.      All communications, including but not limited to, emails, voicemails, collection records, data records, statements, telephone recordings, or any other form of data related to Gritters, the subject loan, the first foreclosure case, the second foreclosure case, or the subject property.

**RESPONSE: In addition to its General Objections, defendant specifically objects to the extent this Request calls for the production of correspondence protected by the attorney-client privilege. In addition, defendant objects to the extent this calls for the production of documents in the possession of the plaintiff. Subject to said objections, defendant will produce the documents in its possession not protected by the attorney client privilege.**

4.      Any and all of your records or documents pertaining to Gritters, the subject property, or the subject loan, including records that are or were maintained under Gritters' name.

130891431v1                                                                                    0956569

RESPONSE: In addition to its General Objections, defendant specifically objects to the extent this Request calls for the production of correspondence protected by the attorney-client privilege. In addition, defendant objects to the extent this calls for the production of documents in the possession of the plaintiff. Subject to said objections, defendant will produce the documents in its possession not protected by the attorney client privilege.

5.      The original note, mortgage, and Loan Modification documents made available for inspection.

RESPONSE: Subject to its General Objections, defendant no longer possesses these documents.

6.      Copies of any and all documents that you sent Gritters prior to filing the second foreclosure.

RESPONSE: In addition to its General Objections, defendant specifically objects to this Request to the extent it seeks production of information in plaintiff's possession. Subject to and without waiving said objections, defendant states that it does not have any documents that it sent to the plaintiff. Defendant will produce the copies of the information transmitted to the plaintiff.

7.      Copies of any and all documents that you received from Gritters prior to filing the second foreclosure.

RESPONSE: Subject to and without waiving its General Objections, defendant will produce the copies of the information transmitted by the plaintiff.

8.      Copies of any and all documents that you sent Gritters after filing the second foreclosure.

RESPONSE: In addition to its General Objections, defendant specifically objects to this Request to the extent it seeks production of information in plaintiff's possession. Subject to and without waiving said objections, defendant states that it does not have any documents that it sent to the plaintiff. Defendant will produce the copies of the information transmitted to the plaintiff.

9.      Copies of any and all documents that you received from Gritters after filing the second foreclosure.

RESPONSE: In addition to its General Objections, defendant specifically objects to this Request to the extent it seeks production of information in plaintiff's possession. Subject to and without waiving said objections, defendant states that it does not have any documents that it sent to the plaintiff. Defendant will produce the copies of the information transmitted to the plaintiff.

10.     Any and all correspondence sent by you to Gritters which are related to the second foreclosure or the subject loan.

130891431v1                                                                        0956569

RESPONSE: In addition to its General Objections, defendant specifically objects to this Request to the extent it seeks production of information in plaintiff's possession. Subject to and without waiving said objections, defendant states that it does not have any documents that it sent to the plaintiff. Defendant will produce the copies of the information transmitted to the plaintiff.

11.     Any and all correspondence sent by you to Gritters which you contend are notices required under section 1692g of the FDCPA.

RESPONSE: In addition to its General Objections, defendant specifically objects to this Request to the extent it seeks production of information in plaintiff's possession. Subject to and without waiving said objections, defendant states that it does not have any documents that it sent to the plaintiff. Defendant will produce the copies of the information transmitted to the plaintiff.

12.     Any attorney fee bills or invoices issued by you to Ocwen, Nationstar, or Freddie Mac for any professional services related to the subject loan, including but not limited to prosecution of the first foreclosure and second foreclosure.

RESPONSE: In addition to its General Objections, defendant specifically objects to this Request to the extent it calls for the production of information that would violate the attorney-client privilege. Defendant further objects that this Request is not relevant as it is not reasonably calculated to lead to the discovery of admissible evidence.

13.     A complete accounting for the subject loan, including a complete loan history showing the dates that payments, fees, and costs were applied or assessed and how they were applied or assessed to the subject loan.

RESPONSE: In addition to its General Objections, defendant specifically objects to this Request as overly broad and unduly burdensome in that it is not reasonably limited in scope and not likely to lead to discoverable evidence related to those claims made by plaintiff against this Defendant. Defendant further objects that this Request is not relevant as it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to said objections, defendant will make available for inspection and copying documents in its possession responsive to this Request.

14.     A life of the subject loan transactional history that includes the date of each and every debit and credit related to this loan, the nature and purpose of each such debit and credit, and the name and address of the payee of any type of disbursement related to the subject loan.

RESPONSE: In addition to its General Objections, defendant specifically objects to this Request as overly broad and unduly burdensome in that it is not reasonably limited in scope and not likely to lead to discoverable evidence related to those claims made by plaintiff against this Defendant. Defendant further objects that this Request is not relevant as it is not reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects to the Request as unintelligible as it does not know to what "life of the subject loan"

130891431v1                                                                          0956569

refers.  Finally, defendant objects to the extent this Request calls for the production of documents in the possession of someone other than the defendant.

15.    Any invoices, bills, or statements issued by you for services related to the first foreclosure or second foreclosure.

RESPONSE: In addition to its General Objections, defendant specifically objects to this Request to the extent it calls for the production of information that would violate the attorney-client privilege.  Defendant further objects that this Request is not relevant as it is not reasonably calculated to lead to the discovery of admissible evidence.

16.    Any invoices, bills, or statements issued by you to Ocwen for services related to the first foreclosure or the subject loan.

RESPONSE: In addition to its General Objections, defendant specifically objects to this Request to the extent it calls for the production of information that would violate the attorney-client privilege.  Defendant further objects that this Request is not relevant as it is not reasonably calculated to lead to the discovery of admissible evidence.

17.    Any invoices, bills, or statements issued by you to Nationstar for services related to the second foreclosure or the subject loan.

RESPONSE: In addition to its General Objections, defendant specifically objects to this Request to the extent it calls for the production of information that would violate the attorney-client privilege.  Defendant further objects that this Request is not relevant as it is not reasonably calculated to lead to the discovery of admissible evidence.

18.    Any invoices, bills, or statements issued by you to Feddie Mac for services related to the first foreclosure, second foreclosure, or the subject loan.

RESPONSE: In addition to its General Objections, defendant specifically objects to this Request to the extent it calls for the production of information that would violate the attorney-client privilege.  Defendant further objects that this Request is not relevant as it is not reasonably calculated to lead to the discovery of admissible evidence.

19.    A complete and itemized statement of the current amount needed to pay-off the subject loan in full.

RESPONSE:  In addition to its General Objections, defendant specifically objects to this Request to the extent that it seeks production of documents that are only generated upon a formal and proper request, which this Request is not, and to the extent it seeks the production of information in the possession of another.  Subject to said objections, defendant refers to its response to Interrogatory No. 3, states that it does not possess a document responsive to this request, but can with the agreement of the plaintiff request a current payoff letter.

20.    All reinstatement figures that you sent to Gritters related to the subject loan.

130891431v1                                                                                0956569

**RESPONSE:** In addition to its General Objections, defendant specifically objects to this Request to the extent that it seeks production of documents that are only generated upon a formal and proper request, which this Request is not, and to the extent it seeks the production of information in the possession of another. Subject to said objections, defendant refers to its response to Request No. 19, and will produce all correspondence it sent to plaintiffs.

21.     A complete and itemized statement of all advances or charges against the subject loan for attorney fees or court costs.

**RESPONSE:** In addition to its General Objections, defendant specifically objects to this Request to the extent it calls for the production of information that would violate the attorney-client privilege. Subject to these objections, defendant will make available for inspection and copying the redacted account notes.

22.     A complete and itemized statement of all charges assessed by you against the subject loan for attorney's fees or court costs.

**RESPONSE:** In addition to its General Objections, defendant specifically objects to this Request to the extent it calls for the production of information that would violate the attorney-client privilege. Subject to these objections, defendant will make available for inspection and copying the redacted account notes.

23.     Documentation supporting when the subject loan was first referred to your office for filing of the second foreclosure.

**RESPONSE:** Subject and without waiving its General Objections, defendant will make available for inspection and copying documents responsive to this Request.

24.     All notices of default, demand letters, dunning letters, Grace Period Notices, and acceleration notices that you sent to Gritters.

**RESPONSE:** In addition to its General Objections, defendant specifically objects to this Request to the extent it seeks production of information in plaintiff's possession. Subject to and without waiving said objections, defendant states that it does not have any documents that it sent to the plaintiff. Defendant will produce the copies of the information transmitted to the plaintiff.

25.     All 30-day Validation Notices that you sent to Gritters.

**RESPONSE** In addition to its General Objections, defendant specifically objects to this Request to the extent it seeks production of information in plaintiff's possession. Subject to and without waiving said objections, defendant states that it does not have any documents that it sent to the plaintiff. Defendant will produce the copies of the information transmitted to the plaintiff.

130891431v1                                                           0956569

26.      Copies of all notices, filings, or records from the first foreclosure and second foreclosure case.

**RESPONSE:  In addition to its General Objections, defendant specifically objects to this Request to the extent it seeks production of information in plaintiff's possession or equally available to the plaintiff as the defendant.  Defendant further objects that this Request is not relevant as it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, defendant will make available for inspection and copying documents that show true and accurate copies of documents mailed to the plaintiff or his counsel.**

27.      All invoices, bills, or related documents for professional services rendered by Pierce in relation to the subject loan, first foreclosure, or the second foreclosure.

**RESPONSE:  In addition to its General Objections, defendant specifically objects to this Request to the extent it calls for the production of information that would violate the attorney-client privilege.**

28.      Any and all attorney retainer agreements or attorney engagement agreements between Pierce and Ocwen related to the subject loan or the first foreclosure.

**RESPONSE:  In addition to its General Objections, defendant specifically objects to this Request to the extent it calls for the production of information that would violate the attorney-client privilege and that is irrelevant in that it is not reasonably calculated to lead to the discovery of information admissible on the issues of liability or damages.**

29.      Any and all attorney retainer agreements or attorney engagement agreements between Pierce and Nationstar related to the subject loan or the second foreclosure.

**RESPONSE:  In addition to its General Objections, defendant specifically objects to this Request to the extent it calls for the production of information that would violate the attorney-client privilege and that is irrelevant in that it is not reasonably calculated to lead to the discovery of information admissible on the issues of liability or damages.**

30.      Any and all attorney retainer agreements or attorney engagement agreements between Pierce and Freddie Mac related to the subject loan, the first foreclosure, or the second foreclosure.

**RESPONSE:  In addition to its General Objections, defendant specifically objects to this Request to the extent it calls for the production of information that would violate the attorney-client privilege.  Defendant further objects that this Request is not relevant as it is not reasonably calculated to lead to the discovery of admissible evidence.**

31.      Any dispute letters or written correspondence (including e-mails and faxes) that you received from Gritters related to the subject loan.

130891431v1                                                                          0956569

**RESPONSE:** In addition to its General Objections, defendant specifically objects to this Request to the extent it seeks production of information in plaintiff's possession. Subject to and without waiving said objections, defendant will make available for inspection and copying documents responsive to this Request.

32.     Any and all trial exhibits.

**RESPONSE:** In addition to its General Objections, defendant specifically objects to this Request as untimely and to the extent that it seeks the discovery of nondiscoverable attorney-work product. Subject to and without waiving said objections, defendant will make available for inspection and copying documents responsive to this Request.

33.     Any and all documents and correspondence referred to by any person who executes an affidavit in conjunction with a motion, pleading or in support of any request for relief made by you in this lawsuit.

**RESPONSE:** Subject to its General Objections, defendant states none.

34.     All documents identified or referred to in your Rule 26(a)(1) disclosures in this lawsuit.

**RESPONSE:** Subject to its General Objections, defendant will make available for inspection and copying documents responsive to this Request.

Respectfully submitted,

By:_____

One of their Attorneys
Justin M. Penn
HINSHAW & CULBERTSON
222 N. LaSalle Street, Ste 300
Chicago, IL 60601

130891431v1                                                                    0956569

## <u>CERTIFICATE OF SERVICE</u>

    I, the undersigned certify that I served ***Defendant's Response to Plaintiff's Request to Produce,*** by mailing a copy and depositing same in the U.S. Mail at 222 North LaSalle, Chicago, Illinois, before the hour of 5:00 p.m. on ____11__/__4____, 2014.

HINSHAW & CULBERTSON LLP