# Exhibit B

# Sulaiman Law Group, LTD

DEDICATION | INNOVATION | COMPASSION | EXCELLENCE

900 Jorie Boulevard – Suite 150 - Oak Brook, Illinois 60523
Tel 630.575.8181  -  Fax 630.575.8188

Ahmad T. Sulaiman
Ross M. Zambon▲
Mohammed O. Badwan
Matthew H. Hector
Mara A. Baltabols
Nathan C. Volheim
Charles L. Magerski
Dan McGarry
Paul M. Bach▲
Penelope Bach▲

▲ Of Counsel

**December 11, 2014**

Sent Via:        Email and Regular U.S. Mail

Justin M. Penn
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
jpenn@hinshawlaw.com

      **Matter:**           **Gritters v. Ocwen Loan Servicing, LLC**
      **Case Number:**      **1:14-cv-916**

Mr. Penn:

I hope this message finds you well. We write in accordance with Fed. R. Civ. P. 37(a)(1) and Local Rule 26.1(f) to follow up with Defendant Pierce & Associates, P.C.'s responses and objections to Donna Gritters' Requests to Produce, propounded and served upon Pierce on September 9, 2014.

As you know, you had requested an extension on behalf of Pierce to respond to the requests to produce; Gritters agreed to the extension. On November 4, 2014, you provided us with Pierce's written responses but did not produce any documents by the deadline. Thereafter, you sent us an email on November 12, 2014 that included 12 separate pfd documents of various lengths. On November 17, 2014, you sent us another email that included 32 separate pdf documents of various lengths.

Of the 44 separate documents, not a single page includes a Bates stamp. Additionally, none of the written responses even reference any of the documents that have been produced (which, incidentally, is nearly impossible without any Bates stamps). Third, the documents produced appear to be nothing more that court filings in the corresponding foreclosure actions, which are not responsive to virtually all of the requests.

After review of the documents produced – and how the documents were produced – it has become apparent that Pierce failed to meet its most basic obligations under Rule 34, and instead, appears to have engaged in a deliberate attempt to confuse and thwart the discovery process.

Please let this letter serve as an attempt to meet and confer regarding the discovery responses and to facilitate the completion of written discovery. Consider this a formal request for RCS to (a) amend its responses to include all documents in a single production (as opposed to 44 separate pdf files), (b) supplement its responses with *all* responsive, unprivileged documentation in its possession, (c) include Bates stamps on all documents, and (d) amend the written responses to identify which documents are responsive to each request.

**Improper Organization and Labels**

Turning generally to Pierce's document production, Pierce's bulk production of documents does not satisfy its obligations under Rule 34. The produced documents are neither organized nor labeled to correspond with each request, nor are the documents together in a single file or packet (let alone two or three files).

Rule 34 requires a party to organize and label responsive documents to correspond to the categories requested. "[A] party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request." Fed. R. Civ. P. 34(b)(i). A party cannot "haphazardly produce documents without reference to which request the documents are produced." *Glover v. Bd of Educ. of Rockford Pub. Sch., Dist. 205*, 2004 WL 785270, at *2 (N.D.Ill 2004) (citing *Ferrito v. IKON Office Solutions, Inc.,* 2000 WL 1477188 (D.Kan.2000) (stating the production of documents that were neither Bates stamped nor otherwise organized did not satisfy Rule 34)); *Stiller v. Arnold,* 167 F.R.D. 68, 71 (N.D.Ind.1996) (finding discovery sanctions were warranted where producing party failed to organize and label the documents it produced).

For instance, with respect to Pierce's document production, nothing is provided in chronological order and there are 44 unorganized separate files to parse through. On the most basic level, these documents could not be kept in this fashion in the ordinary course of business. On top of that, the written responses do not identify a single Bates stamp nor do the written responses identify which documents correspond with each request. It should be noted that the written responses were provided on November 4, 2014 – two weeks before the documents were produced – making it impossible to reference any documents in the written responses.

**Insufficient Responses**

Turning to the document production specifically, it appears that Pierce merely provided court filings from the corresponding foreclosure cases. It does not appear that any contracts with the other defendants were provided, the complete set of invoices and bills were not provided, and no unprivileged communications, notes, or logs were provided.

We also take issue with the opaque, cryptic privilege log – with a mere seven entries – that provides essentially no details to allow for an adequate examination. Seeing that two foreclosures spanning four years are at issue, it is impossible that only seven communications exist. However, at this time, it is impossible to determine the extent of the insufficiencies in the privilege log. That can only be assessed after the complete set of documents and requisite organization and labels are provided.

Lastly, we intend to depose your client during the first week of January 2015; however, based on this unreasonable and unexplained delay, it will be impractical to conduct a deposition without first receiving adequate responses to written discovery.

Within the next five (5) days, please reorganize the document production properly, identify and label your document production to correspond with each category requested by Bates stamp, and confirm that all responsive, unprivileged documents have been tendered. Also amend the privilege log to the extent communications are being withheld, and provide more details for each communication.

This meet and confer must occur in short order in light of the discovery cut-off date of January 20, 2015. I would propose the following dates and times:

    a.   December 12, 2014 at 1:00 p.m. (or any time in the afternoon);
    b.   December 15, 2014 at 1:00 p.m. (or any time in the afternoon); or
    c.   December 16, 2014 at 1:00 p.m. (or any time in the afternoon).

I believe a discussion in advance of the deadline would be beneficial to all parties for purposes of clarifying any outstanding issues.

Sincerely,

/s/ Ross M. Zambon
Ross Zambon