IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DONNA M. GRITTERS, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:14-cv-0916 |
| ) | |
| v. ) | Hon. Jorge L. Alonso |
| ) | |
| OCWEN LOAN SERVICING, LLC; ) | |
| NATIONSTAR MORTGAGE LLC; ) | |
| FEDERAL HOME LOAN MORTGAGE ) | |
| CORPORATION; AND PIERCE & ) | |
| ASSOCIATES, P.C.; ) | |
| | |
| Defendants. | |

**NATIONSTAR MORTGAGE LLC AND FEDERAL HOME LOAN MORTGAGE'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Defendants, Nationstar Mortgage LLC ("Nationstar") and Federal Home Loan Mortgage ("Freddie Mac"), move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Plaintiff Donna Gritters' First Amended Complaint as against Freddie Mac and portions of Count V of Plaintiff's First Amended Complaint as against Nationstar.

**INTRODUCTION**

Plaintiff's First Amended Complaint arises from alleged errors in the servicing of Plaintiff's mortgage loan. Ocwen Loan Servicing, LLC ("Ocwen") acquired the servicing rights to the loan after Plaintiff had already defaulted and, in May 2013, the servicing rights were again transferred, to Nationstar. Freddie Mac was the owner/investor in the loan during the relevant time.

In the First Amended Complaint, Plaintiff asserts the following claims against Nationstar, Ocwen, and Freddie Mac: breach of contract (Count I); violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1962, *et seq.* ("FDCPA") (Count II); violation of the Illinois

Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 ("ICFA") (Count IV); and breach of fiduciary duty (Count VI). Plaintiff also asserts a claim of violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* ("RESPA") (Count V) against Nationstar and Ocwen only. Against Freddie Mac only, Plaintiff asserts a claim of violations of the Truth in Lending Act, 15 U.S.C. 1601, *et seq.* ("TILA") (Count VII).

As against Freddie Mac, Plaintiff's First Amended Complaint should be dismissed in its entirety with prejudice. Plaintiff has not adequately pleaded any affirmative act of Freddie Mac and, under the *Merrill* doctrine, Freddie Mac cannot be liable for the unauthorized acts of its servicers—here, Nationstar and Ocwen (the "Servicers"). *See Federal Crop Insurance Corp. v. Merrill*, 332 U.S. 380, 384-385, 92 L. Ed. 10, 68 S. Ct. 1 (1947).

Plaintiff also fails to adequately state a claim in Count VI that Nationstar violated § 2605(g) of RESPA. Plaintiff's allegations of this violation are impermissibly bare and do not even meet the elements of the subsection. Finally, as the Court has already ruled once, the Servicers cannot be liable for "additional damages" under RESPA without "a pattern of practice of noncompliance with the statute's requirements," which Plaintiff has failed to allege.

## LEGAL STANDARD

A "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citation and quotation omitted). For a claim to be facially plausible, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action,"

2

an "unadorned, the defendant-unlawfully-harmed-me accusation," and conclusory statements "devoid of factual enhancement" do not suffice. *Id.* at 1949-50; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). Additionally, where a written instrument attached to the complaint contradicts the facts alleged in the complaint, the exhibit trumps the allegations. *Abcarian v. McDonald*, 617 F.3d 931, 934 (7th Cir. 2010).

## DISCUSSION

**I.     Plaintiff's First Amended Complaint Should Be Dismissed as Against Freddie Mac.**

Plaintiff's Amended Complaint asserts both direct and vicarious liability against Freddie Mac for Ocwen's and Nationstar's alleged errors in the servicing of the mortgage loan. Because Plaintiff has not established any affirmative act on the part of Freddie Mac and has not established that Freddie Mac authorized any of the alleged acts or omissions of Ocwen or Nationstar, Plaintiff fails to state a claim against Freddie Mac.

**A.     Plaintiff Fails to State a Claim Against Freddie Mac Under TILA.**

In Count VII, Plaintiff asserts Freddie Mac is directly liable for an alleged violation of TILA, but Plaintiff fails to allege any affirmative act committed by Freddie Mac that would constitute a violation. (*See* Am. Compl, at Count VII.)

Plaintiff first alleges that "Neither Ocwen nor Freddie Mac provided a notice of sale or transfer of the master servicing and ownership of the debt within 30 days as required by § 1641(g)." (Am. Compl., Count VII, at ¶ 163.) Yet, Plaintiff does not provide any factual allegations regarding this purported transfer of "ownership of the debt" and when that occurred. Nor does Plaintiff explain why Freddie Mac is subject to TILA's notice requirements with respect to the transfer of servicing.

Next, Plaintiff alleges that "Freddie Mac and the Servicers collected fees, costs and charges in excess of that permitted by the mortgage contract . . . ." (*Id.*, at ¶ 164) and that

3

"Gritters requested that the Servicers refund the credit balance but the Servicers refused" (*Id.*, at ¶ 165). Again, Plaintiff offers no "factual enhancement" to explain when or how Freddie Mac, rather than the Servicers, collected any fees or costs. It is also unclear how Freddie Mac could be directly liable on account of the Servicers' alleged refusal to credit Plaintiff's credit balance.

Indeed, Freddie Mac operates solely in the secondary market and is not involved in any way in the servicing of the mortgage loans purchased from originating lenders. *Hashop v. FHLMC*, 171 F.R.D. 208, 210-11 (N.D. Ill. 1997). Rather, Freddie Mac contracts with another party to service the loans that they purchase, as it did here with Ocwen and Nationstar, and Freddie Mac exclusively relies on the loan servicers to control all aspects of the mortgage servicing operations. *Id.* Plaintiff has not adequately pleaded any affirmative act on the part of Freddie Mac and Freddie Mac cannot be directly liable to Plaintiff on account of the acts of its Servicers.

    **B.    Freddie Mac Cannot Be Held Vicariously Liable for the Alleged Actions of the Servicers.**

In Counts I, II, IV, and VI, Plaintiff seeks vicarious liability against Freddie Mac for alleged acts and omissions of the Servicers because, according to Plaintiff, "[t]he Servicers are agents of Freddie Mac, and Freddie Mac is the principal of the servicers. Therefore, Freddie Mac is liable for the acts and causes of action against the Servicers." (Am. Compl. ¶ 98.) This conclusory allegation of a principal-agent relationship is insufficient to hold Freddie Mac liable for the Servicers' alleged actions.

Plaintiff's agency allegation is also inconsistent with the Freddie Mac Single-Family Sellers and Servicers Guide ("the Guide")[1], which outlines the contractual relationship between Freddie Mac and its servicers. Pursuant to § 1.2(a) of the Guide, a servicer for a Freddie Mac

---

[1] *Available at* http://www.allregs.com/tpl/Main.aspx.

mortgage is required to service those mortgages for Freddie Mac in accordance with the standards set forth in the Guide. This includes complying with all applicable federal and state laws, including the FDCPA. Guide, § 6.2. Moreover, § 53.5 of the Guide specifically provides that "[u]nder the Purchase Documents, the Servicer contracts with Freddie Mac as an independent contractor to service Mortgages for Freddie Mac. The Servicer is not Freddie Mac's agent or assignee." Thus, under the Guide, Freddie Mac does not assume liability for the servicer's noncompliance with federal law, or assume an agency relationship with the servicer. *See Mendrala v. Crown Mortg. Co.*, 955 F.2d 1132, 1141 (7th Cir. Ill. 1992). Ocwen's and Nationstar's status as a servicer is simply insufficient to establish that Freddie Mac authorized their actions.

Even if Plaintiff had adequately pleaded facts supporting an agency relationship between Freddie Mac and the Servicers, due to the *Merrill* doctrine, Freddie Mac would still not be liable for the Servicers' alleged violations of law. The *Merrill* doctrine provides that a federal agency is not bound by the unauthorized acts of its agents.

In *Merrill*, the Supreme Court stated that "anyone entering into an arrangement with the Government takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority." *Federal Crop Insurance Corp.*, 332 U.S., at 384-385. Agents of the Federal Crop Insurance Corporation had erroneously informed plaintiffs that their wheat crop was insurable. *Id.* at 382. The Court held that the FCIC was a federal instrumentality, and as such, it could not be bound by its agents' misrepresentations beyond the scope of their authority. *Id.* at 384-385. The Supreme Court has consistently upheld the general principle that federal instrumentalities cannot be bound by persons acting beyond their authority. *See e.g., Heckler v. Community Health Services, Inc.*, 467 U.S. 51, 63, 81 L. Ed.

5

2d 42, 104 S. Ct. 2218 (1984) ("Those who deal with the Government . . . may not rely on the conduct of Government agents contrary to law."); *Schweiker v. Hansen*, 450 U.S. 785, 788-91, 67 L. Ed. 2d 685, 101 S. Ct. 1468 (1981).

Freddie Mac, as a federal instrumentality, is covered by this doctrine. As the Seventh Circuit explained in *Mendrala*, 955 F.2d 1132, "[t]he FHLMC [Freddie Mac] has a public statutory mission: to maintain the secondary mortgage market and assist in meeting low- and moderate-income housing goals. Holding the FHLMC responsible for the unauthorized actions of an entity such as Crown [the mortgage servicer] would thwart its congressional purpose." *Id.*, at 1140-41. *See also Paslowski v. Standard Mortg. Corp.*, 129 F. Supp. 2d 793, 800-801 (W.D. Pa. 2000) ("This court agrees and finds that Freddie Mac is a federal instrumentality that is entitled to protection under the *Merrill* doctrine from liability for the unauthorized acts of its sellers/servicers."); *Dupuis v. Federal Home Loan Mortgage Corp.*, 879 F. Supp. 139, 144 (D. Me. 1995) (court held that despite the fact that the seller/servicer was the FHLMC's agent and despite the fact that the FHLMC would be liable at common law, the Merrill doctrine provided a complete defense for the FHLMC on all of the plaintiff's contract claims).

Because Plaintiff has failed to allege that Freddie Mac authorized Ocwen or Nationstar to engage in any of their alleged acts in Counts I, II, IV, and VI and because Ocwen and Nationstar were affirmatively required to comply with all applicable and federal and state laws, the *Merrill* doctrine protects Freddie Mac from liability.

## II.     Plaintiff's Allegation Against Nationstar Under RESPA § 2605(d) Should Be Dismissed.

In Count VI, Plaintiff alleges "Nationstar failed to credit, treated as late, and charged a late fee for payments made to Nationstar during the 60-day transfer when it acquired the

servicing rights from Ocwen on May 16, 2013 in violation of § 2605(d)." (Am. Compl. ¶ 155).

RESPA § 2605(d) states as follows:

> During the 60-day period beginning on the effective date of transfer of the servicing of any federally related mortgage loan, a late fee may not be imposed on the borrower with respect to any payment on such loan and no such payment may be treated as late for any other purposes, if the payment is received by the transferor servicer (rather than the transferee servicer who should properly receive payment) before the due date applicable to such payment.

Plaintiff's allegations fail to establish a violation of this subsection for multiple reasons. As an initial matter, § 2605(d) protects borrowers who, during the 60 days following transfer of service, make payments to the *transferor servicer* "(rather than the transferee servicer who should properly receive payment)." Plaintiff alleges, however, that the payments she made to Nationstar (the transferee servicer) were treated as late by Nationstar. While an allegation of improper late fees may fit under some other theory of liability against Nationstar (as Plaintiff has already pleaded in other claims), it is outside the scope of § 2605(d)'s protection.

Also, nowhere in the complaint does Plaintiff allege that she made a specific payment to Nationstar within this 60-day time period or that any such payment was treated as late and she was charged a late fee for it. Plaintiff's bare allegation that Nationstar treated a payment as late, even if did fall under the protection of § 2605(d), does not meet federal pleading standards. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."). For these reasons, Plaintiff's claim of a violation of § 2605(d) by Nationstar (Am. Compl., Count V, ¶ 155) should be dismissed with prejudice.

### III. Plaintiff's Claim for "Additional Damages" Under RESPA Should Be Dismissed.

The Court has already dismissed Plaintiff's claim in Count VI for "additional damages" under RESPA. As set forth in Ocwen's motion to dismiss Plaintiff's Complaint (Dkt.. No. 25),

7

RESPA permits plaintiffs to recover statutory damages only where they can show "a pattern of practice of noncompliance with the statute's requirements." 12 U.S.C. § 1605(f)(1)(B). The Court granted Ocwen's motion as to this argument because the Complaint did not allege a "pattern or practice of noncompliance." (Dkt. No. 58.) The First Amended Complaint likewise includes no such allegations. Plaintiff's request for additional damages under RESPA should be dismissed with prejudice.

## CONCLUSION

For the above reasons, Nationstar and Freddie Mac respectfully request that the Court grant their Motion to Dismiss, enter an order dismissing the First Amended Complaint against Freddie Mac and dismissing the claim of a violation of § 2605(d) and for "additional damages" under RESPA in Count V against Nationstar, and award any additional relief that it deems just and proper.

Dated: April 10, 2015

Respectfully submitted,

**NATIONSTAR MORTGAGE LLC and FEDERAL HOME LOAN MORTGAGE CORPORATION**

By: /s/ Molly E. Thompson
Harry N. Arger
Margaret (Peggy) Rhiew
Molly E. Thompson
DYKEMA GOSSETT PLLC
10 South Wacker Drive, Suite 2300
Chicago, Illinois 60606
Phone: 312-627-2127
Fax: 866-420-4763

8

## **CERTIFICATE OF SERVICE**

      I hereby certify that on April 10, 2015, I caused the foregoing document to be filed with the Clerk of the Court using the ECF system, which sent electronic notification of the filing on the same day to all registered participants.

                                          /s/ Molly E. Thompson

CHICAGO\4454575.1
ID\METH