**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DONNA M. GRITTERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 1:14-cv-916 |
| | ) | |
| v. | ) | Judge: Jorge L. Alonso |
| | ) | |
| OCWEN LOAN SERVICING, LLC; | ) | |
| NATIONSTAR MORTGAGE, LLC; | ) | |
| FEDERAL HOME LOAN MORTGAGE | ) | |
| CORPORATION; and PIERCE & | ) | |
| ASSOCIATES, P.C., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, MOTION TO STRIKE PLAINTIFF'S TIME-BARRED CLAIMS IN HER FIRST AMENDED COMPLAINT

Defendant, Pierce & Associates, P.C., by its undersigned attorneys, Hinshaw & Culbertson LLP, and pursuant to Federal Rule of Civil Procedure 12(b)(6) or, alternatively, pursuant to Federal Rule of Civil Procedure 12(f), respectfully moves this Honorable Court to dismiss or strike with prejudice Subparts (a) and (b) of Count III of Plaintiff's Amended Complaint.  In support of this motion, Defendant states as follows:

### INTRODUCTION

Plaintiff recently was given leave to file a First Amended Complaint (hereinafter "FAC") asserting several additional violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA") not contained in her original complaint.  The allegations in Subparts (a) and (b) of Count III allege violations based upon conduct which occurred outside of the FDCPA's one-year statute of limitations period.  Because this new conduct is separate and distinct from the conduct alleged in Plaintiff's original complaint, her claims do not relate back.

As such, Plaintiff's additional alleged violations under §§ 1692g(a), 1692g(1)(2), and 1692e are time-barred and should be dismissed or stricken with prejudice.

## STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); see also *Corcoran v. Chicago Park District*, 875 F.2d 609, 611 (7th Cir. 2005). Dismissal is warranted where a complaint reveals on its face that it is barred by the relevant statute of limitations. *Graham v. United Parcel Service*, 519 F.Supp.2d 801, 806 (N.D. Ill. 2007) (citing *Tregenza v. Great Am. Comm. Co.*, 12 F.3d 717, 718-19 (7th Cir.1993)). Alternatively, this Court may strike those allegations which are "immaterial" and "impertinent", pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(f).

## ARGUMENT

On February 10, 2014, Plaintiff filed a seven-count complaint against defendants, including Defendant Pierce & Associates, P.C. (hereinafter "Defendant" or "Pierce"). Plaintiff's original claims against Pierce involved one alleged violation of the FDCPA based upon a very narrow set of factual allegations. (Dkt. No. 1, Compl. ¶¶ 117-122). Specifically, Plaintiff alleged that Pierce violated § 1692g(b)[1], alleging that she requested verification of her debt, and that Pierce continued collecting without providing verification. (*Id.* at ¶¶ 120-122). The conduct in the entirety of the original complaint was limited to Pierce collecting a debt without providing a response to the request for verification. (*Id.* at ¶ 120). There are no allegations putting Pierce

---

[1] Section 1692g(b) provides in relevant part "[i]f the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b)

131038563v2 0956569

on notice that the content of any letters or other communications, or any other conduct, forms the basis of these claims. The original claim against Pierce was simply that it failed to respond to a verification request.

On March 3, 2015, over a year into this litigation, Plaintiff filed her FAC. (Dkt. No. 73, FAC). In her FAC, Plaintiff asserted new claims against Pierce for alleged violations of several provisions of the FDCPA. (*Id*. at ¶¶ 119-130). Count III asserts the following sub-claims:

- Subpart (a) – a purported violation of § 1692g(a) for allegedly failing to provide Plaintiff the required 30-day validation notice within five days of its initial communication;

- Subpart (b) – a purported violation of §§ 1692g(a)(2) and 1692e for stating the creditor was Nationstar Mortgage, LLC when, Plaintiff claims, the creditor is Freddie Mac;

- Subpart (c) – a purported violation of § 1692g(b) for continuing to collect without verifying the debt; and

- Subpart (d) – a purported violation of § 1692c(a)(2) for communicating directly with a consumer that Pierce allegedly knew was represented by counsel.

(*Id*. at ¶¶ 122-130). Subparts (a) and (b) of Count III are based upon conduct totally unrelated to the conduct in the original complaint. The instant motion to dismiss or strike addresses Subparts (a) and (b)[2].

**I.     The claims in Subparts (a) and (b) do not relate back to the conduct alleged in the original complaint and are barred by the FDCPA's one year statute of limitations.**

The FDCPA imposes a one year statute of limitation. 15 U.S.C. § 1692k. Therefore, any conduct which forms the basis for newly asserted claims must have occurred in on or after March 3, 2014, or one year prior to the FAC. As explained below, the conduct on which Subparts (a)

---

[2] Subpart (c) is the basis for the original complaint, and is thus not time barred. Subpart (d) is based upon a purported communication sent on March 12, 2014, which is within the applicable statute of limitations. Contemporaneously with this motion, Pierce is filing an answer to those two subparts, and will attach the communications complained of, but not attached to the FAC. The issues will then be ripe for a motion for judgment on the pleadings on those two subparts pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

131038563v2 0956569

and (b) rely occurred well outside the applicable statute of limitations, and Plaintiff makes no allegations supporting that they are timely alleged.

Subpart (a) is based upon Pierce's alleged failure to send a letter that the FDCPA requires be sent within five days of the initial communication. Plaintiff alleges her first communication from Pierce was September 16, 2013. (*Id*. at ¶ 122). That claim obviously therefore accrued on September 21, 2013, meaning it was barred by the applicable statute of limitations on September 21, 2014.

Subpart (b) is based upon Pierce's alleged misstatement made in a letter sent October 25, 2013. (*Id*. at ¶ 122). Plaintiff obviously had that letter as he referred to it in the original complaint. (*Id*. at ¶ 120). Yet Plaintiff failed to bring a claim within a year of even the filing of this lawsuit, let alone a year of receiving the letter.

Plaintiff does not, and cannot allege any tolling of the statute of limitations. The only legally cognizable manner in which the new claims in Subparts (a) and (b) can therefore stand is if they "relate back" to the original filing. The Federal Rules of Civil Procedure allow new claims to relate back only if they arise out of the same "conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c); *see also Pearson v. PeopleScout, Inc.*, No. 10 C 5542, 2011 WL 1575990, at *3 (N.D. Ill. Apr. 26, 2011). Although relation back of amendments may be liberally applied, "liberal application cannot cure a failure of the amended complaint to meet the requirement of the rule." *Holmes v. Greyhound Lines, Inc.*, 757 F.2d 1563, 1566 (5th Cir. 1985). "[W]hen new or distinct conduct, transactions, or occurrences are alleged as grounds for recovery, there is no relation back, and recovery under the amended complaint is barred by limitations if it was untimely filed."

131038563v2 0956569

The first prerequisite for a claim to relate back under Rule 15 is that "the basic claim must have arisen out of the same conduct set forth in the original pleading". *Worthington v. Wilson*, 8 F.3d 1253, 1255 (7th Cir. 1993). The reasoning behind this is to ensure that a defendant is placed on notice of the specific conduct for which it is now being sued. See, e.g., *Staregn v. Am. Nat'l Bank & Trust Co. of Chi.*, 529 F.2d 1257, 1263 (7th Cir. 1976)("[N]otice is the critical element involved in Rule 15(c) determinations."). The only allegedly violative conduct contained in the original complaint was the failure to verify a disputed debt. Plaintiff had the letters on which the new claims are based, but failed to allege any conduct concerning the content (or lack thereof) of those letters.

Even under a liberal notice pleading standard, there is no reasonable manner in which Pierce could have been on notice that Plaintiff's claims involved a failure to give a validation notice and a failure to properly identify the original creditor. Even if those claims were based in reality (they are not), they are untimely. Plaintiff offers no explanation for her failure to include them in the original complaint or her failure to file them within a year of the claims accruing, and they should be dismissed or stricken.

WHEREFORE, Defendant, Pierce & Associates, P.C., respectfully requests this court dismiss or strike with prejudice Plaintiff's claims in Subparts (a) and (b) of Count III the First Amended Complaint, and for any other relief the Court deems fair and just.


Respectfully submitted,

Pierce & Associates, P.C.


By: /s/Justin M. Penn
    One of Defendant's Attorneys
    Justin M. Penn

5

Jason L. Santos
HINSHAW & CULBERTSON
222 N. LaSalle Street, Ste 300
Chicago, IL 60601
(312) 704-3000
jpenn@hinshawlaw.com
jsantos@hinshawlaw.com

131038563v2 0956569

## CERTIFICATE OF SERVICE

I, an attorney, hereby certify that on April 10, 2015 I electronically filed Defendant's Motion to Dismiss or, Alternatively, to Strike Plaintiff's Time-Barred Claims in Her First Amended Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/*Justin M. Penn*
Justin M. Penn

131038563v2 0956569