# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DONNA M. GRITTERS, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 14 C 916 |
| OCWEN LOAN SERVICING, LLC; | ) | Judge Jorge L. Alonso |
| NATIONSTAR MORTGAGE, LLC; | ) | |
| and PIERCE & ASSOCIATES, P.C., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court are the motions of defendants Ocwen Loan Servicing, LLC ("Ocwen") and Pierce & Associates, P.C. ("Pierce") to dismiss the first amended complaint. For the reasons explained below, the motions are denied.

## BACKGROUND

Plaintiff, Donna M. Gritters, filed this action that stems from defendants' allegedly wrongful servicing, debt collection, and loss-mitigation activities in relation to plaintiff's residential mortgage loan. The first amended complaint contains six counts: breach of contract (Count I); violation of the Fair Debt Collection Practices Act ("FDCPA") (Counts II and III); violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Count IV); violation of the Real Estate Settlement Procedures Act ("RESPA") (Count V); and breach of fiduciary duty (Count VI). (R. 73, First Am. Compl.)[1] Count III is asserted against Pierce only

---

[1] The first amended complaint also contains a Count VII for violation of the Truth in Lending Act, which was brought solely against defendant Federal Home Loan Mortgage Corporation ("Freddie Mac"). Counts I, II, IV, and VI were also asserted against Freddie Mac. Freddie Mac has since been dismissed with prejudice from this action pursuant to the parties' stipulation.

and is the sole claim against Pierce. The remaining counts are asserted against Ocwen and defendant Nationstar Mortgage, LLC.[2]

Pierce moves to dismiss portions of the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) or alternatively to strike those portions. Ocwen moves to dismiss the amended complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

**DISCUSSION**

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis omitted). Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "In reviewing the sufficiency of a complaint under the plausibility standard, [courts must] accept the well-pleaded facts in the complaint as true, but [they] 'need not accept as true

---

[2]Plaintiff has voluntarily dismissed the § 2605(d) portion of her RESPA claim against Nationstar and her request for statutory or "additional" damages against Nationstar in her RESPA claim. (R. 122, Agreed Order.)

2

legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665-66 (7th Cir. 2013) (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)).

When considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a district court accepts as true all well-pleaded factual allegations and draws reasonable inferences from the allegations in favor of the plaintiff. *Kelley v. Med-1 Solutions, LLC,* 548 F.3d 600, 604 (7th Cir. 2008) (citing *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993)). The court may also look beyond the allegations of the complaint and consider affidavits and other documentary evidence to determine whether subject matter jurisdiction exists. *Capitol Leasing*, 999 F.2d at 191.

**A.   Pierce's Motion**

Count III is an FDCPA claim with four subparts. Plaintiff alleges that Pierce violated (a) 15 U.S.C. § 1692g(a) by failing to send a validation notice within five days of its initial communication with plaintiff; (b) §§ 1692g(a)(2) and 1692e by failing, in its October 25, 2013 validation notice to plaintiff, to identify the true creditor to whom the alleged debt was owed and by falsely representing that the creditor was Nationstar; (c) § 1692g(b) by failing to verify the debt or cease all collection activities after having received a November 11, 2013 dispute letter from plaintiff; and (d) § 1692c(a)(2) by continuing to communicate directly with the plaintiff after having been notified that she was represented by an attorney. (First Am. Compl. at 17-18.)

The FDCPA has a one-year statute of limitations, § 1692k(d), which provides that an action may be brought "within one year from the date on which the violation occurs." Pierce argues that subparts (a) and (b) of Count III must be dismissed or stricken as time-barred because plaintiff first asserted them in the first amended complaint, which was filed on March 3,

2015, and the conduct on which those subparts are premised occurred well before one year prior to the filing of the amended complaint. (R. 87, Pierce's Mot. at 3-4.) In Pierce's view, subparts (a) and (b) do not relate back to plaintiff's original complaint because they are based on conduct that is distinct from that underlying the original FDCPA claims.

In response, plaintiff contends that the claims in subparts (a) and (b) do relate back to the original complaint and are therefore not time-barred. In support of her argument, plaintiff cites *Feltman v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 06 C 2379, 2008 WL 5211024, at *4 (N.D. Ill. Dec. 11, 2008) ("*Feltman I*") and *Feltman v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, No. 06 C 2379, 2009 WL 3151878, at *3 (N.D. Ill. Sept. 25, 2009) ("*Feltman II*"), in which Judge Aspen confronted a similar situation. Feltman had alleged in her original complaint that the defendants violated the FDCPA by making misrepresentations about the alleged debt, failing to inform consumer reporting agencies that Feltman disputed the debt, and failing to provide Feltman with the statutorily-required notice that she could demand validation of the debt. *Feltman II*, 2009 WL 3151878, at *3. In her amended complaint, Feltman sought to add claims that defendants had violated the FDCPA by filing a state-court lawsuit against her to collect the alleged debt, taking other action related to that suit, and filing her social security number on exhibits in the suit without redacting it. *Feltman I*, 2008 WL 5211024, at *2-4. In her second amended complaint, Feltman sought to add an additional FDCPA claim that defendants failed to verify the alleged debt or cease all collection activities after plaintiff had disputed the debt. *Feltman II*, 2009 WL 3151878, at *1-2. Judge Aspen held that all of the new claims related back to the original complaint. *Feltman I*, 2008 WL 5211024, at *3-4; *Feltman II*, 2009 WL 3151878, at *3. He explained as follows:

4

> Neither the facts, nor the theory of recovery, in the Amended Complaint have to be identical to those in the original complaint for the new claims to relate back. Although the specific debt collection practices complained of here were separate acts from those complained of in the original complaint, the new claims are based on Defendants' continued debt collection practices, were mentioned in the original complaint, and arise out of the same "conduct, transaction or occurrence" as those alleged in the original complaint.

*Feltman I*, 2008 WL 5211024, at *4 (citing *Bularz v. Prudential Ins. Co. of Am.*, 93 F.3d 372, 379 (7th Cir. 1996)).

"[A] new substantive claim that would otherwise be time-barred relates back to the date of the original pleading, provided the new claim stems from the same 'conduct, transaction, or occurrence' as was alleged in the original complaint; for relation back to apply, there is no additional requirement that the claim be based on an identical theory of recovery." *Bularz*, 93 F.3d at 379 (quoting Fed. R. Civ. P. 15(c)). Subparts (a) and (b) of Count III are premised on the alleged untimeliness and misleading content of Pierce's communications with plaintiff. Although those specific alleged violations of the FDCPA were not contained in the original complaint, the original complaint mentioned the October 2013 communication from Pierce and complained about Pierce's allegedly wrongful debt-collection practices. Plaintiff's amendments thus assert claims based on the same core of facts—Pierce's allegedly illegal collection activities relating to the same mortgage debt. There is no problem with notice to Pierce; it had notice from the outset that plaintiff is complaining about Pierce's debt-collection activities. All of plaintiff's claims arise from that set of facts. "Rule 15(c) permits relation back where the claims in an amended pleading are based on the same core of facts advanced in the original." *Newell v. Hanks*, 283 F.3d 827, 834 (7th Cir. 2002).

The situation is similar to that of *Feltman*. In its reply brief, Pierce fails to address plaintiff's discussion of the *Feltman* decisions. The Court agrees with Judge Aspen's analysis

5

therein.  The Court is also mindful that in determining whether an amendment relates back, "the Federal Rules of Civil Procedure are to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits and to dispense with technical procedural problems." *Staren v. Am. Nat'l Bank & Trust Co. of Chi.*, 529 F.2d 1257, 1263 (7th Cir. 1976).

Plaintiff's amendments to Count III relate back to the date of the original complaint and are therefore not barred by the statute of limitations.  Accordingly, Pierce's motion to dismiss or strike with prejudice plaintiff's claims in subparts (a) and (b) of Count III is denied.

**B.     Ocwen's Motion**

Ocwen moves for dismissal of the amended complaint under Rules 12(b)(1) and 12(b)(6) on the grounds that Gritters has no standing to assert and is judicially estopped[3] from pursuing her claims against Ocwen because those claims are owned by the bankruptcy estate that was created when Gritters filed a Chapter 7 bankruptcy petition on September 29, 2010.[4]

"A debtor's filing of a bankruptcy petition transfers to the bankruptcy estate exclusive ownership of all claims that had accrued as of the date of the filing and deprives her of standing to pursue those claims." *Yapp v. Astellas Pharma Global Dev., Inc.*, No. 12 C 1095, 2015 WL

---

[3]Plaintiff maintains that under Rule 12(g), Ocwen waived its judicial-estoppel argument by failing to raise it in Ocwen's Rule 12(b)(6) motion to dismiss the original complaint.  But plaintiff fails to acknowledge or attempt to distinguish *Ennenga v. Starns*, 677 F.3d 766 (7th Cir. 2012), in which the Seventh Circuit held that Rule 12(b)(6) arguments for failure to state a claim may be raised in successive motions to dismiss.  The Seventh Circuit reasoned that "Rule 12(g)(2) does not prohibit a new Rule 12(b)(6) argument from being raised in a successive motion. Stated differently, Rule 12(h)(2) specifically excepts failure-to-state-a-claim defenses from the Rule 12(g) consolidation requirement." *Id.* at 773.

[4]Ocwen correctly argues, and plaintiff does not dispute, that the Court can take judicial notice of plaintiff's bankruptcy filings because they are matters of public record.  (R. 88, Ocwen's Mot. at 4 n.2.)  *See, e.g.*, *4901 Corp. v. Town of Cicero*, 220 F.3d 522, 527 n.4 (7th Cir. 2000); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

1326371, at *3 (N.D. Ill. Mar. 20, 2015) (citing 11 U.S.C. § 541(a)(1) and *Biesek v. Soo Line R.R.*, 440 F.3d 410, 413 (7th Cir. 2006)); *see also Google, Inc. v. Cent. Mfg. Inc.*, 316 F. App'x 491, 495 (7th Cir. 2008) (claims that arise before a debtor files bankruptcy are part of the estate, and the bankruptcy trustee has the exclusive power to prosecute them, but a cause of action arising after the bankruptcy estate is created belongs to the debtor).

Ocwen contends that all of plaintiff's claims are property of the bankruptcy estate "because the events giving rise to them occurred before Gritters filed her Chapter 7 Petition" and "Gritters could have asserted each of her claims prior to her filing of the Chapter 7 Petition." (R. 88, Ocwen's Mot. at 6 (emphasis omitted).) The salient question, however, is when plaintiff's claims *accrued*. Ocwen presents little to no analysis on this issue and does not acknowledge that many, and likely most, of plaintiff's claims may have accrued not when the alleged misconduct occurred, but when plaintiff discovered or should have discovered her injuries. Rather, Ocwen simply assumes that at the time Gritters filed her bankruptcy petition, she knew or should have known about all of her injuries allegedly caused by Ocwen, and it further argues that Gritters "concealed" those claims during the bankruptcy proceeding. (Ocwen's Mot. at 6-7.) In response to Ocwen's motion, plaintiff argues that she did not have knowledge of the bases for her claims until after she filed for bankruptcy relief and the bankruptcy proceeding was concluded.[5]

Ocwen fails to offer any reasoned analysis, claim by claim, of why plaintiff's claims against Ocwen should be considered to have been property of the bankruptcy estate. Neither a lack of standing nor judicial estoppel is apparent from the face of the complaint or the materials

---

[5]The Court also notes that plaintiff concedes, due to a previous ruling in the case, that the actionable conduct on her FDCPA claim against Ocwen is limited to that occurring after February 10, 2013. (R. 102, Pl.'s Resp. Ocwen's Mot. 8.)

7

Ocwen has provided that relate to plaintiff's bankruptcy. Accordingly, Ocwen's motion to dismiss the first amended complaint is denied.

## CONCLUSION

For the reasons stated above, the motion of defendant Pierce & Associates, P.C. to dismiss or strike plaintiff's claims in subparts (a) and (b) of Count III of the first amended complaint [87] is denied, and the motion of defendant Ocwen Loan Servicing, LLC to dismiss the first amended complaint [88] is denied. A status hearing is set for November 19, 2015 at 9:30 a.m. to discuss the next steps in the case.

**SO ORDERED.**  ENTERED: November 6, 2015

_____
**JORGE L. ALONSO**
**United States District Judge**