UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DONNA M. GRITTERS; | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| | ) | File No. 1:14-cv-916 |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| OCWEN LOAN SERVICING, LLC; NATIONSTAR MORTGAGE, LLC; and PIERCE & ASSOCIATES, P.C.; | ) | |
| | ) | Hon. Jorge L. Alonso |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF DONNA GRITTERS' REPLY IN SUPPORT OF HER
MOTION FOR SUMMARY JUDGMENT AGAINST PIERCE & ASSOCIATES, P.C.**

Plaintiff Gritters presents this Reply in Support of her Motion for Summary Judgment against Defendant Pierce & Associates, P.C. ("Pierce") as follows:

**INTRODUCTION**

Pierce took all 15 pages to rehash the same arguments from its initial 25 page brief – that Gritters only suffered "bare statutory violations" and did not incur any damages. These arguments do not address a lion's share of Gritters' cited authority. Perhaps more importantly, Pierce does not claim that it complied with the requirements of the FDCPA. Instead, Pierce is asking this Court to overlook the violations by pointing to, interestingly enough, unsupported "hyper-technicalities."

Pierce relies on its own labored analysis of *Spokeo* and cites to mostly out-of-Circuit cases that do not deal with FDCPA claims. However, Pierce does not respond to the recent decisions cited by Gritters that adjudicated similar violations and injuries under the FDCPA and did not run afoul of *Spokeo*. Pierce's failure to oppose Gritters' actual arguments should be interpreted as concessions on those points.

1

A. **Violations of the FDCPA**

On September 16, 2013, Pierce sent Gritters a loss mitigation letter; this was Pierce's initial communication with Gritters. [Gritters SOF ¶¶13, 14 at Ex. A, Gritters Dec. ¶¶11-13; Merfeld Dep. at pp. 37:6 to 41:8, Exs. 11, 12.] On October 25, 2013, Pierce sent Gritters an FDCPA "validation letter." This was Pierce's only communication with Gritters since September 16, 2013. [*Id.*] Additionally, the October 25, 2013 letter identified the current creditor as "NATIONSTAR MORTGAGE LLC." [Merfeld Dep. at pp. 39:11 to 40:11, Ex. 12.] On October 25, 2013, Freddie Mac was the creditor of the subject loan. [*Id*. p. 42:15 to 42:20; Gritters SOF ¶7 at Ex. C, Freddie Mac Aff. at ¶¶8-10.]

   i. **Violation of § 1692g(a) – No Validation Notice**

Under § 1692g(a), within five days of the initial communication, a debt collector must send a letter that, *inter alia*, informs the debtor of a right to dispute the debt's validity. 15 U.S.C. § 1692g(a). After its initial September 16, 2013 communication, Pierce did not send a validation letter until October 25, 2013.[1] This was outside of five days, and therefore, violates the mandates of § 1692g(a). *Matmanivong v. Nat'l Creditors Connection, Inc.* 79 F. Supp. 3d 864, 868-70 (N.D.Ill. 2015) (granting summary judgment on an FDCPA claim for a failure to send a validation notice within five days of the initial communication); *Cook v. Green Tree Servicing, LLC*, 154 F. Supp. 3d 742, 748 (S.D. Ill. 2016) (letter containing repayment options was an initial communication).

---

[1] This fact is not in dispute. [DKT#219 ¶15.]

### ii. Violation of § 1692g(a) – Failure to Provide Name of Creditor

Under § 1692g(a), a debt collector must send a validation notice with the name of the current creditor. Pierce's October 25, 2013 letter identified the current creditor as Nationstar, when the actual creditor was Freddie Mac. [*Id.* pp. 39:11 to 42:20, Ex. 12; Gritters SOF ¶7 at Ex. C; Freddie Mac Aff. at ¶¶8-10.] This violated the disclosure requirements of § 1692g(a). *Janetos v. Fulton Friedman & Gullace*, LLP, 825 F.3d 317, 319 (7th Cir. Ill. 2016) ("Section 1692g(a) also does not have an additional materiality requirement, express or implied. Congress instructed debt collectors to disclose this information to consumers, period, so these validation notices violated § 1692g(a).").

### iii. Violation of § 1692g(b) – Failure to Verify Debt or Cease Collection

On November 11, 2013, Gritters sent an FDCPA dispute letter to Pierce. [Gritters SOF ¶20 at Ex. B.] Upon receipt, Pierce had a duty to either verify the debt or cease all collection activity. 15 U.S.C. § 1692g(b). Without providing Gritters with any response or validating the debt, Pierce proceeded with collection by filing for foreclosure on January 22, 2014. [*Id.* ¶24.] This violated the debt verification requirements of § 1692g(b). *Cook*, 154 F. Supp. 3d at 749.

### iv. Violation of § 1692c(a)(2) – Communication with Represented Party

Gritters' November 11, 2013 letter informed Pierce that Gritters was represented by counsel. [Gritters SOF ¶19; DKT #219 ¶19.] After this notice, Pierce continued to communicate with Gritters directly on March 12, 2014, when it sent Gritters a "Notice of Initial Case Management Conference" in the foreclosure case Notice. [*Id.* ¶¶19, 21, 25.] This violated the prohibited communications provision of § 1692c(a)(2). *Melnarowicz v. Pierce & Assocs., P.C.,* 2015 U.S. Dist. LEXIS 107841, at *13-*14, 2015 WL 4910748 (N.D.Ill. Aug. 17, 2015) (finding

as a matter of law that the identical "Notice of Initial Case Management Conference" was an "invitation to resolve a debt.").

### v. Violation of § 1692e – False, Unfair, and Deceptive Conduct

Pierce's October 25, 2013 letter identified the current creditor as Nationstar (not Freddie Mac). [Gritters SOF ¶¶16-17; Ex. C.] In addition to violating § 1692g(a), this is a false and inaccurate statement of fact that violates the § 1692e prohibition against false, deceptive, and misleading statements. [*Id*.]

## II. Pierce's "Attempts to Collect a Debt"

### i. September 16, 2016 Letter

Pierce's September 16, 2013 letter (a) listed alternatives to foreclosure, (b) had an FDCPA Miranda Warning in bold, capital letters, and (c) encouraged Gritters to contact Nationstar to discuss her options. [Gritters SOF Ex. E, Merfeld Dep. Ex. 11.] Pierce argues that Gritters suffered no consequence from the untimely validation letter, and also argues that the September 16, 2013 letter did not qualify as an "initial communication" to trigger § 1692g of the FDCPA. [DKT# 214 p. 8.]

However, a communication offering to discuss "settlement options" and "foreclosure alternatives" is a "communication in connection with the collection of debt." *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 386 (7th Cir. 2010). *See also Cook*, 154 F. Supp. 3d at 748-49 (letter offering foreclosure alternatives was initial communication). Pierce's attempt to wiggle free from this uncontroverted Seventh Circuit authority is illogical. The debt validation language may not be overshadowed by other language in the notice or in future communications. *Id.* at 748-49 (citing § 1692g(b)). *See also Lane v. Bayview Loan Servicing, LLC,* 2016 U.S. Dist. LEXIS 89258, at *19, 2016 WL 3671467 (N.D. Ill. July 11, 2016).

Additionally, there is no true distinction between Pierce (collection attorney) and the *Gburek* defendant (loan servicer); both are debt collectors and both sent a similar letter to a homeowner related to a mortgage loan. Like in *Gburek*, Pierce's letter included a Miranda Warning in bold, a request for information, a list of options to avoid foreclosure, a notice to contact Nationstar, and a warning that its purpose was "collection of debt." [Gritters SOF Ex. E, Merfeld Dep. Ex. 11.] This communication was clearly in connection with the collection of debt. *Gburek*, 614 F.3d at 385. Pierce cites no authority to support that a notice has less impact when it is sent by the debt collector's own debt collector attorneys. [Gritters SOF ¶¶12-13.]

Nationstar hired Pierce, its own debt collector, to facilitate collection with Gritters before foreclosure. Pierce was tasked to contact Gritters with foreclosure alternatives and to facilitate communications with Nationstar to collect or settle the debt. The nature and content of a letter does not change simply because it is sent by a different debt collector.

Pierce cites to *Helman v. Udren Law Offices, P.C.*, 85 F. Supp. 3d 1319 (S.D. Fla. 2014), but the opinion is of little value. [DKT # 214, p. 9.] The Northern District recently discussed *Helman*, and then emphasized the importance of following the Seventh Circuit precedent in *Gburek*. *See Harrer v. Bayview Loan Servicing, LLC*, 2016 U.S. Dist. LEXIS 164872, at *8-*9 (N.D.Ill. Nov. 30, 2016).

### ii.  Case Management Notice

After Pierce was put on notice that Gritters was represented by an attorney, Pierce communicated directly with Gritters when it sent a Notice of Initial Case Management Conference dated March 12, 2014. [Gritters SOF ¶¶19, 21, 25.] In her motion, Gritters cited to *Melnarowicz* to establish that the direct communication with Gritters with knowledge of her counsel violated § 1692c(a)(2). 2015 U.S. Dist. LEXIS 107841, at *13-*14, 2015 WL 4910748

(N.D.Ill. Aug. 17, 2015) (finding as a matter of law that the identical "Notice of Initial Case Management Conference" sent by the defendant was an "invitation to resolve a debt," and thus, in connection with debt collection.). [DKT# 197 pp. 19-20.]

Pierce provided no response to *Melnarowicz* other than to say Judge Chang got it wrong. With respect, this is simply insufficient to overcome Gritters' showing of a violation. *Pierce's* failure to contravene this showing is a concession in favor of Gritters. . [DKT #197 p. 14.] Even more recently, in *Heyer v. Pierce & Assocs., P.C*. (decided after Gritters' initial motion), the defendant (once again Pierce) argued that a "Notice of Sale" could not violate the FDCPA because Pierce was "merely 'comply[ing] with state court procedures' for foreclosure cases." 2017 U.S. Dist. LEXIS 3144, at *14, 2017 WL 75739 (N.D.Ill. Jan. 9, 2017). Relying on *Melnarowicz*, the *Heyer* court rejected Pierce's argument. *Id.* at *19-*20, *38-*39.

### III. Duty to Respond

On November 11, 2013, Gritters sent a dispute letter to Pierce addressed to "Nationstar Mortgage c/o Pierce & Associates, P.C." [Griters SOF ¶¶19-20; Merfeld Dep. Ex. 14.] In the contents of the letter, Gritters requested that *both* Pierce and Nationstar verify the debt, and Gritters attached *Pierce's* previous validation letter. [*Id.*] Pierce did not respond to the letter, but rather forwarded the letter to Nationstar. [Gritters SOF ¶¶21-22; DKT #214 p. 13-14.]

Pierce claims that the letter was sent to its client (Nationstar) and not to Pierce, because the mailing label included "c/o." Pierce does not acknowledge the contents of the letter (requesting a response from Pierce), the fact that it was sent in response to Pierce's previous letter, and the address to Pierce's office. [*Id.*] Pierce also asserts that since Nationstar responded, Pierce no longer had to respond. [*Id.*] Once again, Pierce cited no authority in support of these arguments, and any unsupported arguments should be deemed waived.

Just as each successive debt must provide its own validation letter, each subsequent debt collector must verify the debt when they receive a dispute. *See, e.g., Sanchez v. Jackson,* 2016 U.S. Dist. LEXIS 160776, at *13-*14, 2016 WL 6833974 (N.D.Ill. Nov. 21, 2016).[2]

## VI. <u>Pierce's Case Law</u>

With respect to the other cases cited by Pierce, (a) *Nokchan* and *Smith* are out of District FCRA cases, and (b) *Gubala* and *Meyers* are Seventh Circuit cases with claims under the Cable Communications Policy Act and FACTA.[3] These cases do not include an FDCPA claim and have no legal or factual similarities to Gritters.

The cases of *Quinn v. Specialized Loan Servicing, LLC,* 2016 U.S. Dist. LEXIS 107299, at *10-*11, 2016 WL 4264967 (N.D.Ill. Aug. 11, 2016), and *Hayes v. Convergent Healthcare Recoveries, Inc.,* 2016 U.S. Dist. LEXIS 139743, at *11-*12, 2016 WL 5867818 (C.D.Ill. Oct. 7, 2016), both favor Gritters' position. From *Hayes:* "Unlike *Spokeo*, where a 'violation of one of the FCRA's procedural requirements may result in no harm,' a violation of the right under [the FDCPA] to be free from false or misleading representations from debt collectors creates a harm, or a risk of harm, sufficient to meet the requirement of concreteness." *Id.*

Pierce does not explain how its cases provide any guidance in light of the post-*Spokeo* cases from the Northern District that address the same alleged FDCPA violations as Gritters. *See Paz v. Portfolio Recovery Assocs.,LLC*, 2016 U.S. Dist. LEXIS 160779, at *7, 2016 WL

---

[2] *Sanchez,* 2016 U.S. Dist. LEXIS 160776, at *15-*16 (agreeing that it is not a heavy burden to require each successive debt collector to send a validation letter because it helps to ensure that any mistakes are promptly resolved) (citing Federal Trade Commission Statements of General Policy or Interpretation, Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097-02, 50100 (December 13, 1998) (explaining that under § 1692g, an "attorney debt collector must provide the required validation notice, even if a previous debt collector (or the creditor) has given such notice").

[3] *Nokchan v. Lyft, Inc.,* 2016 U.S. Dist. LEXIS 138582, 2016 WL 5815287 (N.D.Cal. Oct. 5, 2016);
*Smith v. Ohio State Univ.,* 2016 U.S. Dist. LEXIS 74612, 191 F. Supp. 3d 750 (S.D. Ohio 2016);
*Meyers v. Nicolet Restaurant of De Pere*, 843 F.3d 724 (7th Cir. Dec. 13, 2016);
*Gubala v. Time Warner Cable, Inc*., 2017 WL 243343 (7th Cir. Wis. 2017).

6833932 (N.D.Ill. Nov. 21, 2016) ("[C]ourts in this District have affirmed, post-*Spokeo*, that harms identified by the FDCPA are sufficiently concrete to confer Article III standing.").

In *Bass v. Blitt & Gaines, P.C.,* the plaintiff alleged that the defendant violated § 1692e when it sent a notice to appear in court to avoid a default judgment. 2016 U.S. Dist. LEXIS 162046, 2016 WL 6877729 (N.D.Ill. 2016). While the court held that the emotional distress allegedly caused by the notice was insufficient injury to confer Article III standing the case can be distinguished. In *Bass* the plaintiff: (a) failed to plead an injury connected to the notice, (b) provided no allegations that the notice was materially false, and (c) provided no allegations that the defendant did *not* have a right to sue him for the debt. *Id.* at *4, *5. Gritters identified specific damages, specified the false information, and proved the actionable conduct by Pierce.

Lastly, Pierce's citation to *Perry v. Columbia Recovery Grp. LLC,* 2016 U.S. Dist. LEXIS 145093 (W.D. Wash. Oct. 19, 2016), should be viewed in light of the more recent *Allah-Mensah v. Law Office of Patrick M. Connelly, P.C*., 2016 U.S. Dist. LEXIS 159354, at *19 (D. Md. Nov. 17, 2016). The *Allah-Mensah* court cited *Perry*, but then concluded that "[c]ollectively…courts have found that 'through the FDCPA, Congress has created a new right – the right to receive the required disclosures in communications governed by the FDCPA –and a new injury – not receiving such disclosures.'" *Id.*[4]

---

[4] (quoting *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016), citing *Mogg v. Jacobs*, 2016 U.S. Dist. LEXIS 110057, 2016 WL 4395899, at *4 (S.D.Ill. Aug. 18, 2016); *Lane,* 2016 U.S. Dist. LEXIS 89258, 2016 WL 3671467, at *3-*4; *Saenz v. Buckeye Check Cashing,* 2016 U.S. Dist. LEXIS 127784, 2016 WL 5080747, at *2 (N.D Ill. Sept. 20, 2016), among other cases).

### E. Standing, Damages, Materiality

#### i. Damages

The FDCPA allows for actual and statutory damages of up to $1,000. 15 U.S.C. § 1692k(a). "Because the FDCPA is a strict liability statute, proof of one violation is sufficient to support summary judgment for plaintiff[] on [a] federal claim." *Hartman v. Meridian Fin. Servs.,* 191 F. Supp. 2d 1031, 1046, 2002 U.S. Dist. LEXIS 4534 (W.D. Wis. 2002) (citing *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997)). *See also Ruth v. Triumph P'ships,* 577 F.3d 790, 805 (7th Cir. 2009) ("The FDCPA [ ] is a strict liability statute, and debt collectors whose conduct falls short of its requirements are liable irrespective of their intentions.").

Gritters need only show one violation of one section of the FDCPA to recover. *Casso v. LVNV Funding, LLC*, 955 F.Supp.2d 825, 829 (N.D.Ill. 2013). If a violation is established, even without actual damages, Gritters should be granted summary judgment, and recover statutory damages, costs, and attorney fees under § 1692k(a)(3). *See Gillespie v. Blitt & Gaines, P.C.,* 123 F. Supp. 3d 1029, 1035 (N.D.Ill. 2015). *Oglesby v. Rotche,* 1993 U.S. Dist. LEXIS 15687, 1993 WL 460841, at *10 n.5 (N.D. Ill. Nov. 5, 1993) (Under § 1692k, '[a] single violation of section 1692e is sufficient to establish civil liability' and summary judgment in favor of plaintiff.").

Additionally, Gritters did suffer actual harm and damages on a number of levels:

Required 1692g(a) disclosure not provided; (b) false information regarding the current creditor provided; (c) required 1692g(b) debt validation notice not timely provided; after dispute not provided, (d) direct debt collection attempt did not stop as required by 1692c(a)(2), (e) harms from wrongful foreclosure.

[Gritters SOF ¶¶ 13-25.]

This type of harm does not flow from a "bare procedural" violation of the FDCPA. *Spokeo,* 136 S. Ct. at 1549; *Long v. Fenton & McGarvey Law Firm P.S.C.*, 2016 U.S. Dist. LEXIS 170421 *7 (S.D.Ind. Dec. 9, 2016).

9

### ii  Extrinsic Evidence & Materiality

Pierce argues that its letter inaccurately identifying Nationstar as the creditor did not harm Gritters, but once again, has no cited authority for this position. Even if Gritters knew the identity of her creditor, she still has an actionable violation against Pierce. *See Schneider v. TSYS Total Debt Mgmt.,* 2006 U.S. Dist. LEXIS 48177, at *8, 2006 WL 1982499 (E.D. Wis. July 13, 2006) ("[W]hether Schneider herself was confused by the collection letter is of no moment.").

Pierce's claims of immateriality should be rejected as well. The identity of the creditor alone is a material piece of information, if not, it would not be required under § 1692g(a). *See Matmanivong,* 79 F. Supp. 3d at 877-78. As such, Gritters is not required to provide extrinsic evidence to establish materiality. *Id.* The FDCPA is a strict liability statute. *Id.*

In the recent *Paz v. Portfolio Recovery Assocs., LLC* case, the plaintiff did not allege any emotional distress or monetary damages under the FDCPA. 2016 U.S. Dist. LEXIS 160779, at *6. The plaintiff simply alleged a § 1692e(8), without representing that she suffered damage as a direct result. *Id.* The *Paz* court acknowledged the "injury in fact" requirement to confer standing, but also noted the limits of *Spokeo*:

> The [*Spokeo*] Court specifically limited its holding, noting that 'the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact.' Among those circumstances are cases where a statutory violation creates the 'risk of real harm.' While the Court in *Spokeo* highlighted the need for an injury to be concrete, the Court also affirmed the power of Congress to 'define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.'

*Id.* at *5 (cites omitted).

The *Paz* court granted plaintiff's motion for summary judgment, even without emotional distress or a monetary damages finding; she had shown "concrete harm," through a "risk of financial harm." *Id.* at *6. "This risk of financial harm is a concrete harm, even though the harm was first defined and articulated by Congress." *Id.* Pierce failed to comply with at least three FDCPA required notices or deadlines, provided false information, failed to validate the debt, failed to cease collections, and continued a wrongful foreclosure. Surely these actions have resulted in concrete harms many times over. *Id*.

Pierce also argues that the *original* loan documents executed on December 8, 2003 were sufficient to put Gritters on notice that Freddie Mac was the creditor ten years later on October 25, 2013. [DKT# 214 p.12.] The same security instrument contains a provision permitting a sale of the note and mortgage to another entity "one or more times without prior notice to Borrower." [Gritters Dep. Ex. 4 ¶ 20.] Pierce cites no authority for this position and this argument should be deemed waived.

At minimum the issue is one of fact, whether the disclosure was confusing should be a question for the jury. *See Blarek v. Encore Receivable Mgmt.,* 2007 U.S. Dist. LEXIS 22549, at *52, 2007 WL 984096 (E.D. Wis. Mar. 27, 20070) ("Encore has failed to present sufficient evidence to demonstrate that there is no genuine issue of material fact that as to whether identifying the creditor as 'HSB/' violated § 1692e or § 1692g(a)(2) on its face."); *Long,* 2016 U.S. Dist. LEXIS 170421, at *12.[5]

---

[5] "Although the Defendants argue that the Letters are sufficiently clear to find that an unsophisticated consumer could not be confused by the text of the Letters as a matter of law, the Court is not persuaded by this argument. Based upon the text of the Letters, without more, a significant fraction of the population could question whether the current creditor is Jefferson Capital, Fenton & McGarvey, or Comenity Bank without requiring a 'bizarre, peculiar, or idiosyncratic interpretation.'" *Long,* 2016 U.S. Dist. LEXIS 170421, at *12-*13 (quoting *McMillan*, 455 F.3d at 758).

Gritters need only show one violation of one section of the FDCPA to recover. Even if Gritters cannot recover actual damages on a motion for summary judgment, she may recover statutory damages, costs, and attorney fees under § 1692k(a)(3). *See Gillespie,* 123 F. Supp. 3d at 1035; *Oglesby v. Rotche,* 1993 U.S. Dist. LEXIS 15687, 1993 WL 460841, at *10 n.5 (N.D. Ill. Nov. 5, 1993) (Under § 1692k, "[a] single violation of section 1692e is sufficient to establish civil liability under the FDCPA, . . . and is thus sufficient to support summary judgment in favor of the Plaintiff."); *Raimondi v. McAllister & Assocs.*, 50 F.Supp.2d 825, 829 (N.D.Ill. 1999).

March 3, 2017

Plaintiff Donna Gritters by:

*/s/Ross Zambon*
Attorney for Plaintiff
Ross M. Zambon – ARDC # 6294149
Zambon Law, Ltd.
Sulaiman Law Group Ltd. (*of counsel*)
Mara A. Baltabols – ARDC #6299033
Sulaiman Law Group, Ltd.
900 Jorie Blvd., Suite 150
Oak Brook, IL 60523

## CERTIFICATE OF SERVICE

I, Ross M. Zambon, an attorney, certify that on March 3, 2017, I caused the foregoing **Reply in Support of Motion for Summary Judgment Against Pierce and Associates, P.C.** to be served upon counsel of record through operation of the Court's Case Management/Electronic Case File (CM/ECF) system.

                                        */s/ Ross M. Zambon*
                                        ---------------------------------------------
                                        ROSS M. ZAMBON, No. 6294149
                                        SULAIMAN LAW GROUP, LTD.
                                        Attorney for Plaintiff
                                        900 JORIE BOULEVARD, SUITE 150
                                        OAK BROOK, ILLINOIS 60523
                                        (630) 575-8181